**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4101**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ANGEL JORGE RAMIREZ, a/k/a Negro,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:10-cr-00157-RDB-1)

Submitted:  October 20, 2011          Decided:  October 27, 2011

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Meghan S. Skelton, Staff Attorney, Greenbelt, Maryland, for Appellant. Peter Marshall Nothstein, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Angel Jorge Ramirez pled guilty to conspiracy to interfere with commerce through robbery. He was sentenced to thirty months in prison. On appeal, counsel has filed an Anders[*] brief, stating that there are no meritorious grounds for appeal but questioning whether the district court gave sufficient reasoning for the chosen sentence. Ramirez has not filed a pro se brief. The Government has moved to dismiss the appeal, based on a waiver provision in Ramirez's plea agreement. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant at his Fed. R. Crim. P. 11 proceeding regarding the waiver of his right to appeal, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that we review de novo. Blick, 408 F.3d at 168.

After reviewing the record, we conclude that Ramirez knowingly and voluntarily waived his right to appeal his sentence, retaining only his right to appeal a sentence greater

_____

[*] Anders v. California, 386 U.S. 738 (1967).

than thirty-six months.  Accordingly, as Ramirez was sentenced to thirty months, he retained no appellate rights with respect to his sentence.  We therefore grant, in part, the Government's motion to dismiss and dismiss this portion of the appeal.

The waiver provision does not prevent our review of any errors in Ramirez's conviction, however.  After reviewing the entire record in accordance with Anders, we conclude that there are no unwaived, meritorious issues for appeal.  Thus, we deny, in part, the Government's motion to dismiss and affirm Ramirez's conviction.  Thus, we affirm Ramirez's conviction and dismiss the appeal of his sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on his client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

3